IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CLEVERLAND MCGOWAN, #W0008**                                              **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 3:06-cv-659-DPJ-JCS**

**DEVOIS PEEL, et al.**                                                    **DEFENDANTS**

MEMORANDUM OPINION

Plaintiff McGowan, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are: Devois Peel, Disciplinary Hearing Officer; Margaret Bingham, Superintendent of Central Mississippi Correctional Facility; Tracey Sanders, Administrator of Administrative Remedy Program; and Christopher B. Epps, Commissioner of the Mississippi Department of Corrections.

The Plaintiff received a prison rule violation report on November 22, 2005, for "assaulting any person."  The Plaintiff was found guilty of this rule violation and as punishment he was "re-classified."[1]  The Plaintiff states that in 2003, MDOC implemented a "point system" for determining custodial classification.  The Plaintiff claims that under a new policy within the point system, a rule violation report involving assault will receive an 8 point credit to his classification score and stay in his file for ten years.  In the Plaintiff's

---

[1] MDOC has a custodial classification system based on four main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

instant case, he states that four additional points will be credited to his classification score based on this false rule violation report because it also qualifies under the "severity of [the] most serious report, within the last 24 months" category.  The Plaintiff alleges that as a result of this rule violation report combined with the point system of classification, he will remain in "C" custody for at least ten years.[2]   Whereas, the Plaintiff claims that if the complained of rule violation report was removed from his file, he would be eligible for "B"custody.

At best, the Plaintiff is asserting that his rights were violated under the Due Process, Double Jeopardy and Equal Protection Clauses.  Specifically, the Plaintiff contends that he is innocent of the charges in the rule violation report and his disciplinary hearing was delayed.  The Plaintiff also claims that the complained of report reflects the incorrect date and time he received a copy of the report.  The Plaintiff pursued his complaints by filing a grievance in the prison administrative remedy program (ARP), to no avail.  However, the Plaintiff maintains that he and another inmate previously had rule violation reports dismissed based on identical administrative errors.  The Plaintiff claims that these previous dismissals demonstrate that his current finding of guilt is in violation of MDOC policy and procedure.

The Plaintiff requests that this Court order the Defendants to:  (1) remove the complained of rule violation report from his file; (2) apply a ten point deduction to his classification score; and (3)  re-classify the Plaintiff as a "B" custody inmate.  Resp. [10], p.6.

---

[2]Prisoners in  "C" custody are housed in close confinement as opposed to general population. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

As a "B" custody inmate the Plaintiff would be eligible for placement in the "general population" at his institution.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Plaintiff was granted *in forma pauperis* status, section 1915(e)(2) applies to the instant case.  As discussed below, the Plaintiff's section 1983 action fails to state a claim on which relief may be granted.

It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted).

To invoke the protections of the Due Process Clause, the Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct.

2293, 32 L. Ed. 2d 418 (1995). The classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The United States Court of Appeals for the Fifth Circuit applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995) (holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988) (prisoners do not have a constitutional right to contact visits or conjugal visits). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim regarding the complained of rule violation report and resulting reduction in his classification level.

The Plaintiff also complains that MDOC policy and procedure was violated when he was found guilty of this rule violation report. This allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, No. 05-11398, 2006 WL 3794356, at *1 (5th Cir. Dec. 19, 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a

4

federal constitutional violation."). "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Likewise, the Plaintiff's assertion that he is being punished twice for this rule violation report resulting in a violation of the Double Jeopardy Clause, is not cognizable. The Fifth Circuit, specifically addressing a Mississippi inmate's claims regarding the point system of classification, has held that a mere change in custodial status does not qualify as a second "punishment" for double-jeopardy purposes. *Welch v. Epps*, No. 04-60179, 2004 WL 1690139, at *829 (5th Cir. Jul. 26, 2004) (citations omitted).

Finally, to the extent the Plaintiff may be attempting to assert a violation of the Equal Protection Clause, his claim also fails. The Plaintiff's allegations that other inmates rule violation reports have been dismissed for administrative errors identical to, or less severe than, the errors committed on his rule violation report fails to rise to a level of constitutional deprivation. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993). The Plaintiff does not allege that he was intentionally treated differently, without a rational basis for this distinction, from similarly situated inmates. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Furthermore, the classification of inmates by prison officials is rationally related to security, which is a legitimate state purpose. *See McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) (discussing the classification of prisoners by the Louisiana Department of

Corrections, the Court found that "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order" (citing *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979))).  Therefore, the Plaintiff cannot maintain this action based on equal protection grounds.

It is clear that the Plaintiff does not have a constitutionally protected right to be placed in "B" custody or general population while in prison, nor does the Plaintiff have a constitutional right to certain privileges while in prison.  The defendants decision to place the Plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.

## CONCLUSION

In sum, the Plaintiff does not have a constitutional right to a certain custodial classification level or the privileges associated with certain custody levels while in prison. Therefore, since the Plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[3]   If  the Plaintiff receives "three

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
